UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marjorie Devillena, | No. 2:22-cv-00261-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| American States Preferred Insurance Company, et al., | |
| Defendants. | |

    Plaintiff Marjorie Devillena argues this court lacks diversity jurisdiction and moves to remand this matter to state court. The defendants oppose arguing one defendant, Adam Pritchard, is fraudulently joined. The court **denies the motion to remand**.

**I.   BACKGROUND**

    On October 26, 2019, Devillena was crossing the street when a pickup truck struck her. Compl. ¶ 16, Not. of Removal Ex. A, ECF No. 1. First responders brought her to the emergency room, *id*., and treating physicians diagnosed her with cervical disc protrusion, *id*. ¶ 19. Her condition has required ongoing treatment. *Id*

    The driver was underinsured; Devillena brought and settled claims against the driver for $15,000. *Id*. ¶ 17. She also pursued an insurance claim under her auto policy with American States Preferred Insurance Company. *Id*. ¶¶ 13, 17. That policy included underinsured and

1

uninsured motorist injury coverage, including for bodily injury. *Id.* ¶ 13. Devillena requested $85,000. *Id.* ¶ 17. The claims adjuster who received the claim, Adam Pritchard, did not request any additional documents. *Id.* ¶ 20. On behalf of American States, he offered to resolve the insurance claim for $1,000. *Id.* ¶ 21.

Devillena demanded arbitration. *Id.* ¶ 22. As part of the arbitration process, American States disclosed the reasoning behind its $1,000 offer. *Id.* ¶ 23. It had concluded that Devillena's medical expenses were "excessive" and that "reasonable and necessary medical care" was less than the $15,000 she had already recovered from the driver. *Id.* American States took the position that her disc protrusion was a pre-existing condition and was merely aggravated by the accident. *Id.* ¶¶ 23–24. The arbitrator ultimately awarded Devillena almost $85,000, near the amount she had originally requested, which included full compensation for medical expenses. *Id.* ¶ 25. American States paid Devillena approximately $70,000 after deducting the $15,000 she had received from the driver, a deduction she contests. *See id.* ¶ 27.

Devillena filed this action in California state court. *See generally id.* She asserts six claims, all under California law: 1) breach of contract, 2) breach of implied obligation of good faith and fair dealing, 3) insurance bad faith for failure to properly investigate a claim, 4) unfair competition, in violation of California Business and Professions Code section 17200, 5) misrepresentation, and 6) intentional interference with contractual relations. *See generally id.* She asserts claims four, five, and six against Pritchard. *Id.* ¶¶ 61–77.

American States and Pritchard removed the case to this court based on a claim of complete diversity of citizenship. Not. of Removal, ECF No. 1. American States is an Indiana corporation headquartered in Massachusetts, and Devillena is a citizen of California. *Id.* ¶¶ 7–8. Pritchard is also a California citizen, but he and American States argue his citizenship does not deprive this court of jurisdiction because the claims against him cannot possibly succeed, invoking a rule typically referred to as "fraudulent joinder." *See id.* ¶ 12. Devillena moves to remand, arguing otherwise. Mot., ECF No. 6. The court submitted the matter without oral argument after briefing was complete. *See generally* Opp'n, ECF No. 13; Reply, ECF No. 15. Min. Order, ECF No. 14.

## II.   LEGAL STANDARD

When a federal district court would have had original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Diversity jurisdiction requires complete diversity, meaning each plaintiff has different citizenship than each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (citation and marks omitted). The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). The "plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Nasrawi*, 713 F. Supp. 2d at 1084–85 (citation and marks omitted).

"Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v.*

*Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation and marks omitted). The removing defendant "bears a heavy burden" in attempting to show removal is proper given the "general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1044.

**III.    ANALYSIS**

Devillena's allegations meet the statutory requirements for the amount in controversy, *see* Compl. ¶ 12, and only Pritchard shares California citizenship with her, *see* Not. of Removal ¶¶ 7–9, so the only question is whether defendants have shown he was fraudulently joined under the standard above: is there "a possibility that a state court would find that the complaint states a cause of action" against him? *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

Under California law, generally an "insurance company employee[ ] who act[s] within the course and scope of [her] employment cannot be held individually liable for that conduct." *Dobbel v. Liberty Ins. Corp.*, No. 17-2114, 2018 WL 3495661, at *4 (E.D. Cal. July 20, 2018). However, there is an exception when the "agent or employee . . . acts for her own personal advantage." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). Focusing on the allegations in the complaint, each action attributed to Pritchard was performed as part of his duties as an insurance adjuster for American States. The court considers each claim against Pritchard: intentional interference with contractual relations, unfair competition, and misrepresentation.

First, on the intentional interference claim, the court notes the general bar against holding insurance employees generally liable applies to "claims . . . alleging intentional interference with contract and inducement of breach." *JSR Micro, Inc. v. QBE Ins. Corp.*, No. 09-3044, 2009 WL 2600755, at *1 (N.D. Cal. Aug. 21, 2009). As the complaint lacks allegations Pritchard acted for his own advantage, Devillena's claim is barred.

Second, the court considers the unfair competition claim. The unfair competition law (UCL) generally prohibits (1) unlawful, (2) unfair, and (3) fraudulent acts or practices. Cal. Bus. & Prof. Code § 17200. "Each prong . . . is a separate and distinct theory of liability . . . offer[ing] an independent basis for relief." *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 729 (9th Cir. 2007). "[A] defendant's liability must be based on his personal participation in the unlawful

4

practices and unbridled control over the practices that are found to violate section[ ] 17200. . . ." *Abdali v. Agiliti Surgical, Inc.*, No. 19-2362, 2020 WL 5642355, at *2 (E.D. Cal. Sept. 22, 2020) (quoting *Emery v. Visa Internat. Service Ass'n*, 95 Cal. App. 4th 952, 960 (2002) (internal quotation marks and citation omitted).

The unlawful prong is satisfied by showing a "predicate violation" of law. *Shelton v. Ocwen Loan Servicing, LLC*, No. 18-02467, 2019 WL 4747669, at *10 (S.D. Cal. Sept. 30, 2019). The complaint lacks any meaningful allegation of unlawful conduct. Devillena needed to explain, as she does not, how Pritchard's actions amounted to a predicate violation of a borrowed law by "stat[ing] with reasonable particularity the facts supporting the statutory elements of the violation." *Wilkes v. JP Morgan Chase Bank, N.A. et al.*, No. H046397, 2022 WL 1101749, at *12 (Cal. Ct. App. Apr. 12, 2022) (unpublished) (quoting *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 618–19 (1993)). Devillena, thus, does not meet the requirements of the unlawful prong.

The court finds its analysis on the unfair and fraudulent prongs dovetail such that it considers them together. "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 17-698, 2019 WL 2249605, at *9 (E.D. Cal. May 24, 2019) (quoting *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (Cal. Ct. App. 2006)). "While fraud is not a necessary element of a claim under . . . [the] UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct. . . . and rely entirely on that course of conduct as the basis of that claim." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." *Id*. (citation omitted). To the extent Devillena asserts her claim under the unfair prong, the allegations nonetheless appear to be grounded in Pritchard's alleged misrepresentations and fraud. This conduct similarly serves as the basis for a claim under the fraudulent prong. Devillena's claim cannot succeed under either prong because the general rule that an insurance company employee is not individually liable for

action taken "within the course and scope of [her] employment . . . . applies even to an insured's claims of fraud." *Dobbel*, 2018 WL 3495661, at *4. Because the complaint lacks allegations Pritchard acted for his own advantage, he is not individually liable for a violation of California Business and Professions Code section 17200.

Lastly, the court turns to the misrepresentation claim. In considering fraudulent joinder, federal courts have contemplated whether the general bar against holding an insurance adjuster liable exists when it comes to misrepresentation claims. *See Ascher v. Allstate Ins. Co.*, No. 21-979, 2021 WL 6102508, at *3 (C.D. Cal. Apr. 12, 2021). In *Bock v. Hansen,* the California Court of Appeal held an insurance adjuster could be individually liable for a misrepresentation claim. 225 Cal. App. 4th 215 (2014). There, the insurance adjuster's misrepresentations caused the plaintiff to clean up giant tree limbs that had fallen on her home. *Id.* at 220. The plaintiff injured herself in the process, and the court held the insurance adjuster could be liable for negligent misrepresentation. *See generally id.* Some federal district courts, including this court, have held that negligent misrepresentation claims might be viable absent allegations of physical injury "because such claims are not 'obviously foreclosed according to settled principles.'" *Livshetz v. Fed. Ins. Co.*, No. 20-3374, 2020 WL 4748461, at *3 (C.D. Cal. Aug. 17, 2020); *see also Bordenave v. Safeco Ins. Co. of Ill.*, No. 20-1939, 2021 WL 3013210, at *2 (E.D. Cal. July 16, 2021). Even assuming this court remains persuaded there is "uncertainty surrounding the proper scope of *Bock*," *Bordenave*, 2021 WL 3013210, at *2, that is not enough to avoid finding fraudulent joinder in this case, as explained below.

Even if California courts would entertain a misrepresentation claim along the lines of the claim here, Devillena has not and cannot state a misrepresentation claim. "The elements of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 196 (2012). Here, the defendants argue the complaint lacks factual allegations about Pritchard's intent to induce reliance, Devillena's reliance on the alleged misrepresentations, and damages. Opp'n

at 14. While the operative complaint's ability to survive a motion to dismiss is not dispositive on the question of fraudulently joinder, if there is no possibility the plaintiff can state a claim the court must find fraudulent joinder exists. *Grancare*, 889 F.3d at 549. The only misrepresentations Devillena claims Pritchard made were "false representations to [her and the arbitrator] alleging that she had prior cervical disc Protrusion, and thus her injuries were preexisting." Compl. ¶ 68. But Devillena did not rely on these statements. Rather than being misled by those statements, she pursued arbitration and this action. *See McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1147–48 (1994). Thus, the court finds Devillena cannot allege or ultimately prove reliance on any misrepresentations attributed to Pritchard.

    Devillena does not state a possible claim against Pritchard. Accordingly, the court finds defendants have met their burden showing he was fraudulently joined.

## IV. CONCLUSION

**The court denies the motion to remand (ECF No. 6).**

IT IS SO ORDERED.

DATED: April 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE