UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marjorie Devillena,<br><br>                  Plaintiffs,<br><br>    v.<br><br>American States Preferred Insurance Company, et al.,<br><br>                  Defendants. | No. 2:22-cv-00261-KJM-AC<br><br>ORDER |

    Defendants American States Preferred Insurance Company and Adam Pritchard move to dismiss plaintiff Margorie Devillena's claims for "insurance bad faith," unfair competition, and misrepresentation. The court **grants the motion with leave to amend in part**.

**I.    BACKGROUND**

    Devillena filed an insurance claim with American States after she was struck by a pickup truck and suffered a disc protrusion. First Am. Compl. (FAC) ¶¶ 16, 19, ECF No. 24. Pritchard was assigned as the adjuster. *Id.* ¶ 17. Devillena made an initial offer of $85,000 to resolve her claim. *Id.* After receiving the offer, Pritchard did not request additional documents or recorded statements. *Id.* ¶ 20. Nor did he subpoena medical records. *Id.* On behalf of American States, Pritchard offered Devillena $1,000 to resolve her claim. *Id.* ¶ 22. Devillena rejected the offer and demanded arbitration. *Id.* ¶ 28.

1

During the arbitration, American States explained the offer. *Id.* ¶ 29. It argued Devillena's medical expenses were "excessive" and "reasonable and necessary medical care" cost less than the amount she had already recovered from the driver. *Id.* (emphasis omitted). American States concluded Devillena's disc protrusion was pre-existing and was merely aggravated by the accident. *Id.* The arbitrator found in Devillena's favor. *Id.* ¶ 32. She then filed this action to recover expenses she would not have incurred if American States had not rejected her claim. *Id.* at 28.

The court dismissed Devillena's original complaint for failure to state a claim but granted leave to amend. *See* Mins., ECF No. 23. She now asserts several claims against both American States and Pritchard:

    1. Breach of contract against American States, FAC ¶¶ 36–46;

    2. Breach of the implied covenant of good faith and fair dealing against American States, *id.* ¶¶ 47–60;

    3. "Insurance Bad Faith" against American States, *id.* ¶¶ 61–73;

    4. Unfair Competition against both defendants, *id.* ¶¶ 74–83;

    5. Misrepresentation against both defendants, *id.* ¶¶ 84–101; and

    6. Intentional interference with contractual relations against Pritchard, *id.* ¶¶ 102–15.

The defendants now move to dismiss all three claims against Pritchard and three of the claims against American States: "insurance bad faith," unfair competition, and misrepresentation. *See generally* ECF No. 25. Devillena opposes the motion, ECF No. 29, and defendants replied, ECF No. 30. The court submitted the matter without oral argument.

**II.     LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party."

2

*Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id.* (citing *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id.* at 679.

### III. ANALYSIS

#### A. Claims against Pritchard

The court begins with the claims against Pritchard.  Under California law, an insurance company's employees cannot ordinarily be held individually liable for actions within the course and scope of their employment.  *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 & n.1 (9th Cir. 2003).  However, employees can be liable if they act for their "own personal advantage."  *Id.*  Devillena's allegations against Pritchard do not fall within this exception.  She describes only conduct within the scope and course of Pritchard's employment.  For example, she alleges he did not seek additional documents or take recorded statements, did not subpoena medical records, and made an irrationally low settlement offer.  *See* Opp'n at 6–15.

Devillena argues Pritchard can be individually liable as a "dual agent"—that is, both as American States' employee and acting in his own interests—because he was seeking recognition, advancement in his position, a bonus, and a salary increase.  *Id.* at 10, 17.  Regardless of Pritchard's motivations, his efforts as pled all fell within the scope of his employment, so they cannot support Devillena's claims against him.  *See, e.g.*, *Dobbel v. Liberty Ins. Corp.*, No. 17-02114, 2019 WL 93433, at *4 (E.D. Cal. Jan. 3, 2019) (holding that regardless of motivation, denying claims was still within scope of employment).

3

Devillena also argues California courts permit plaintiffs to pursue misrepresentation claims against individual employees, citing *Bock v. Hansen*, 225 Cal. App. 4th 215 (2014). The court need not decide this question. Assuming a misrepresentation claim against Pritchard could be viable under *Bock*, Devillena's allegations would not support a successful claim against him. A misrepresentation claim requires the plaintiff to allege and prove reliance. *See Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 196 (2012). Devillena alleges generically she relied on Pritchard's misrepresentations about her own medical condition, but that allegation contradicts her factual claims. For example, she alleges she refuted Pritchard's claims by demanding arbitration and then filing this action. FAC ¶ 28.

In sum, because Pritchard's alleged actions were within the scope of his employment, he cannot be individually liable under California law, and because Devillena does not allege she relied on his purported misrepresentations, he cannot be liable for misrepresentation under a theory based on *Bock v. Hansen*. The court dismisses Devillena's claims against Pritchard without leave to amend. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad." (citation and internal quotation marks omitted)).

### B.     Claims against American States

Turning to the claims against American States, it first argues Devillena's claim for "insurance bad faith" is duplicative of her second claim for breach of the implied covenant of good faith and fair dealing. Mot. at 21–22. That is correct. *See Archdale v. Am. Internat. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 466 (2007) (insurer's breach of implied covenant of good faith and fair dealing constitutes what is commonly referred to as "bad faith"). Devillena's "insurance bad faith" claim is thus dismissed without leave to amend. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.").

American States next argues Devillena has not stated a claim under the Unfair Competition Law because she does not seek recoverable relief. Mot. At 20–21. The civil

penalties she cites in her complaint and opposition are not available to private litigants. *See* Cal. Bus. & Prof. Code § 17206. It is unclear from her current complaint what other relief she might be seeking. The court thus dismisses the unfair competition claim, with leave to amend, if possible within the confines of Federal Rule of Civil Procedure 11.

Finally, the court also dismisses Devillena's misrepresentation claim against American States for the reasons discussed above.

**IV.    CONCLUSION**

The motion to dismiss (ECF No. 25) is **granted with leave to amend in part**:

- The claims against Pritchard are dismissed without leave to amend;
- The unfair competition claim against American States is dismissed with leave to amend; and
- The "insurance bad faith" and misrepresentation claims against American States are dismissed without leave to amend.

Any further amended complaint must be filed **within twenty-one days**.

IT IS SO ORDERED.

DATED: October 28, 2022.

CHIEF UNITED STATES DISTRICT JUDGE