UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marjorie Devillena,<br><br>    Plaintiffs,<br><br>    v.<br><br>American States Preferred Insurance Company, et al.,<br><br>    Defendants. | No. 2:22-cv-00261-KJM-AC<br><br>ORDER |

    The court previously dismissed several claims by plaintiff Marjorie Devillena in this insurance coverage case against defendant American States Preferred Insurance Company. *See* Order (Oct. 31, 2022), ECF No. 33; Order (Apr. 25, 2022), ECF No. 16. American States now moves to dismiss one of Devillena's remaining claims, which she asserts under California's Unfair Competition Law (UCL). *See generally* Mot. Dismiss, ECF No. 37. That motion is now fully briefed. *See generally* Opp'n, ECF No. 38; Reply, ECF No. 40. Having reviewed the briefs and case file, the court **submits** the motion for decision without hearing oral arguments.

    The legal standard that applies to American States' current motion is the same standard this court summarized in its previous order. *See* Order (Oct. 31, 2022) at 2–3. The court applies that standard now without reiterating it.

    A plaintiff may pursue a claim under California's UCL in federal court by alleging the defendant's conduct was "unlawful." *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20

1

Cal. 4th 163, 180 (1999); *see also, e.g.*, *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018). Devillena alleges American States violated the California Insurance Code, among other reasons because it compels insureds to "institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds," including in her case. Second Am. Compl. ¶ 21, ECF No. 35 (quoting Cal. Ins. Code § 790.3(h)(6)). This allegation supports her claim of "unlawful" conduct under the UCL.

American States argues Devillena cannot pursue a claim under the UCL because the court could not award the relief she seeks. *See* Mem. at 11–13, ECF No. 37-1. "Injunctions are 'the primary form of relief available under the UCL to protect consumers from unfair business practices' . . . ." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 337 (2011) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009)). Devillena seeks injunctive relief. Second Am. Compl. ¶ 78. The court need not decide whether she may also seek restitution of some kind, which is an "ancillary" form of relief in UCL cases. *In re Tobacco II Cases*, 46 Cal. 4th at 319; *Cf. Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 405–06 (9th Cir. 2018) (unpublished) (summarizing some relevant California law).

The motion to dismiss (ECF No. 37) is **denied**.

IT IS SO ORDERED.

DATED: January 13, 2023.

CHIEF UNITED STATES DISTRICT JUDGE