UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE S. DEVILLENA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN STATES PREFERRED INSURANCE COMPANY, AND ADAM PRITCHARD AS AN INDIVIDUAL, ANDDOES 1-20 INCLUSIVE,<br><br>Defendants. | No. 2:22-cv-00261 KJM AC<br><br><br><br>ORDER |

This matter is before the court defendants' motion to compel discovery. ECF No. 52, Joint Statement at ECF No. 53. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The motion was taken under submission. ECF No. 54. For the reasons stated below, the motion is GRANTED.

**I.      Relevant Background**

This case was removed from state court on February 9, 2022. ECF No. 1. The currently operative complaint is the Second Amended Complaint ("SAC"), ECF No. 35. According to the SAC, plaintiff bought an auto insurance policy from defendant American States Preferred Insurance Company ("ASPIC") that included uninsured motorist bodily injury coverage with a policy limit of ($100,000) per person and Three Hundred Thousand Dollars ($300,000) bodily

injury coverage for each occurrence. ECF No. 35 at 3. On October 26, 2019, plaintiff was involved in a motor vehicle collision in which she was walking across the street in a designated crosswalk when she was struck by a Dodge Ram pickup truck driven third-party defendant Chad Thomas Hague. Id. at 4. In or around June 2020, plaintiff settled her third-party case against Hague for his policy limits of Fifteen Thousand Dollars ($15,000). Id.

On June 29, 2020, plaintiff sent an underinsured motorist bodily injuries demand to ASPIC employee Adam Pritchard seeking reimbursement under plaintiff's policy for Eight-Five Thousand Dollars ($85,000), inclusive of medical bills, wage loss, and non-economic damages. Id. In this demand packet, plaintiff produced a medical treatment bill totaling $38,275.48 related to injuries from the collision. Id. Without doing any independent investigation, Pritchard made plaintiff an offer of $1,000 to resolve her UIM claim. Id. Plaintiff sought a second opinion and on November 11, 2020, Pritchard made the same offer to plaintiff of $1,000. Id. at 7. On September 27, 2021, the parties arbitrated the plaintiff's underinsured motorist bodily injury claim in front of Thomas B. Spaulding, Esq. Id. at 8. On November 15, 2021, Arbitrator Spaulding made a ruling and awarded plaintiff $84,595.48 for her total damages. Id. The arbitrator awarded plaintiff all her past medical specials of $38,275.48. Id. On or around December 6, 2021, ASPIC made a payment of $69,595.48 only and, to date, has refused to pay the remaining $15,000 awarded to plaintiff. Defendants claim that they get a credit of $15,000 to account for Hague's payment. Id. Plaintiff contends the $15,000 offset was already considered in the arbitrator's award of $84,595.48 Id.

Plaintiff brings the following claims: (1) breach of contract against ASPIC and Doe defendants, (2) breach of implied covenant of good faith and fair dealing against ASPIC and Doe defendants, (3) unfair competition (B & P Code, sections 17200, et seq) against all defendants. Relevant here, plaintiff seeks an award including reasonable attorneys' fees. ECF No. 35 at 18.

## II.    Motion to Compel

Defendant moves to compel responses to three production requests, each having to do with attorneys' fees. The specific requests and responses read as follows:

////

2

REQUEST FOR PRODUCTION NO. 20

All DOCUMENTS supporting YOUR claim for attorney's fees.

RESPONSE TO REQUEST FOR PRODUCTION NO.20

Responding Party objects to this request to the extent it seeks information seeks confidential business and proprietary information and/or trade secrets. Responding Party further objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Finally, the request is overly board, voluminous and vague, and asked and answered.

REQUEST FOR PRODUCTION NO. 21

All DOCUMENTS evidencing the total amount of fees and costs YOU incurred as a result of seeking insurance policy benefits from AMERICAN STATES.

RESPONSE TO REQUEST FOR PRODUCTION NO.21

Responding Party objects to this request to the extent it seeks information seeks confidential business and proprietary information and/or trade secrets. Responding Party further objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Finally, the request is overly board, voluminous and vague, and asked and answered.

REQUEST FOR PRODUCTION NO. 22

All DOCUMENTS evidencing, referring, or relating to attorneys' fees YOU have incurred for YOUR representation in this case, including but not limited to invoices, billing statements, and time sheets and expense reports.

RESPONSE TO REQUEST FOR PRODUCTION NO.22

Responding Party objects to this request to the extent it seeks information seeks confidential business and proprietary information and/or trade secrets. Responding Party further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine.

REQUEST FOR PRODUCTION NO. 23

All retention agreements, engagement letters or fee agreements regarding YOUR attorneys' representation of YOU in this case.

RESPONSE TO REQUEST FOR PRODUCTION NO.23

Responding Party objects to this request to the extent it seeks information seeks confidential business and proprietary information and/or trade secrets. Responding Party further objects to this request

to the extent that it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine.

ECF No. 53 at 3.

Plaintiff included the following supplemental responses in her portion of the joint statement:

> SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.20
>
> It is unclear by this demand which case Defendant is referring to. This request is overly broad and wage. The first party underinsured motorist case that the parties arbitrated or the current breach of contract/bad faith case. Out of an abundance of caution, the Plaintiff has turned over all confidential documents (invoices, under the current protective order)) in her custody, possession, and control which articulate attorney fees and costs that support her claim for damages for the first party underinsured motorist case. The invoice articulates exactly the dollar amount in attorney fees and costs that Plaintiff is asking for regarding the Underinsured arbitration claim. Thus, Plaintiff has complied with this demand, and the court should sustain Plaintiff's objection
>
> SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.21
>
> It is unclear by this demand which case the Defendant is referring to; this demand is extremely vague and overly broad and does not define "seeking insurance policy benefits." The Plaintiff stands by her objection. Without waiving objection and out of an abundance of caution, the Plaintiff has turned over all confidential documents (invoices, under the current protective order) in her custody, possession, and control which articulate attorney fees and costs that support her claim for damages for the first party underinsured motorist case. The invoice articulates exactly the dollar amount in attorney fees and costs that Plaintiff is asking for regarding the Underinsured arbitration claim.
>
> The Plaintiff has not "incurred" any fees and costs in the current case since it is ongoing. Any such document are a privilege. Finally, any such documents are not relevant to any Brandt fee analysis.
>
> The court should sustain Plaintiff's objection.
>
> SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.22
>
> It is unclear by this demand which case the Defendant is referring to; this demand is extremely vague and overly broad. The Plaintiff stands by her objection. Without waiving objection and out of an abundance of caution, the Plaintiff has turned over all confidential documents (invoices, under the current protective order) in her

>custody, possession, and control which articulate attorney fees and costs that support her claim for damages for the first party underinsured motorist case. The invoice articulates exactly the dollar amount in attorney fees and costs that Plaintiff is asking for regarding the Underinsured arbitration claim.
>
>The Plaintiff has not "incurred" any fees and costs in the current case since it is ongoing. Any such document is a privilege. Finally, any such documents are not relevant to any Brandt fee analysis.
>
>The court should sustain Plaintiff's objection.
>
>SUPPLEMENTAL RESPONSE NO. 23
>
>The plaintiff stands by her current objections. Defendant's request for Plaintiff's attorney fees agreement "in this case" has nothing to do with her claim for damages under Brandt fees. The Brandt talks about Plaintiff's claim for damages under the previous uninsured motorist claim, not the current breach of contract and bath faith claim that is before the court. Finally, any such documents are not relevant to any Brandt fee analysis.
>
>Thus, this request is intended to breach the attorney-client privilege, and the court should sustain Plaintiff's objection. The Plaintiff is asking for the court to sustain the objection.

ECF No. 53 at 11-12.

### A. Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

>Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc.

1  v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in
2  2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26,
3  relevance alone will not justify discovery; discovery must also be proportional to the needs of the
4  case.
5        A party seeking to compel discovery has the initial burden to establish that its request is
6  proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden
7  of showing why discovery was denied; they must clarify and support their objections.
8  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  General or boilerplate
9  objections, without explanation, are not prohibited but are insufficient as a sole basis for an
10 objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court,
11 408 F.3d 1142, 1149 (9th Cir. 2005).
12        B.  Documents Supporting Attorneys' Fees are Discoverable
13        At the heart of this dispute is whether plaintiff is required to produce documents related to
14 her attorneys' fees.  In California, when an insurer breaches the implied covenant of good faith
15 and fair dealing, the insured can recover attorneys' fees it incurred to obtain contract benefits
16 under the insurance policy ("Brandt fees").  Brandt v. Super. Ct., 37 Cal. 3d 813, 817 (1985).
17 Brandt fees are an element of damages that a plaintiff must prove at trial.  Id. at 819.  "The fees
18 recoverable, however, may not exceed the amount attributable to the attorney's efforts to obtain
19 the rejected payment due on the insurance contract.  Fees attributable to obtaining any portion of
20 the plaintiff's award which exceeds the amount due under the policy are not recoverable."  Id.
21        Plaintiff argues that the fee related documents are privileged, and that Brandt fees are only
22 inclusive of those fees associated with the underlying arbitration, not the instant case.  ECF No.
23 53 at 13.  Plaintiff, in her supplemental response to RFP No. 20, states that she has already
24 produced all responsive documents related to the underlying arbitration.  Id. at 11.  Defendant
25 asserts that the "only fee-related document" they received is a "13-page document apparently
26 purports to be a record of counsel's time entries.  Plaintiff has not produced her fee agreement or
27 any documents establishing amounts paid."  Id. at 2.
28 ////

As a preliminary matter, plaintiff's claim of privilege is cannot prevail. Plaintiff requests fees and costs in her SAC; she does not specify whether she seeks fees only with respect to the underlying arbitration or with respect to the federal action as well. ECF No. 35 at 10, 13, 15, 18. Plaintiff "cannot request attorneys' fees and simultaneously claim that information about the genesis of those fees is protected information. By requesting the fees as damages, [plaintiff] has clearly put them at issue. By putting the fees at issue, [plaintiff] has waived any claim of privilege." Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest, No. CV007267NM (JWJX), 2001 WL 34050685, at *8 (C.D. Cal. May 22, 2001); see also Moriarty v. Am. Gen. Life Ins. Co., No. 17-CV-1709-BTM-WVG, 2018 WL 2966787, at *2 (S.D. Cal. June 13, 2018).

The court also rejects plaintiff's argument that there is a clear separation between the underlying arbitration and the instant action for the purposes of Brandt fees, because she is still seeking to obtain her policy contract benefits through this lawsuit. Though the arbitrator issued an award for the policy contract benefits, plaintiff continues to allege that the defendant insurer has not paid under the policy because it continues to improperly withhold $15,000 worth of awarded benefits.

For these reasons, the motion to compel is GRANTED and plaintiff must produce responsive documents within 15 days of this order.

### III.   Conclusion

Defendant's motion to compel (ECF No. 52) is GRANTED and plaintiff must produce responsive documents within 15 days of this order.

IT IS SO ORDERED.

DATED: May 31, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7