NICHOLAS J. BOOS (SBN 233399)
nboos@maynardnexsen.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:    (415) 646-4700
Facsimile:    (205) 254-1999

Attorneys for Defendant
AMERICAN STATES PREFERRED INSURANCE COMPANY


SHAHID MANZOOR (SBN 296862)
shahid@manzoorlawoffice.com
MANZOOR LAW FIRM, INC.
3017 Douglas Blvd., Ste. 104
Roseville, CA 95661
Telephone: (916) 306-1665
Facsimile: (916) 244-9852

Attorneys for Plaintiff
MARJORIE S. DEVILLENA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE S. DEVILLENA,<br><br>                    Plaintiff,<br><br>            v.<br><br>AMERICAN STATES PREFERRED INSURANCE COMPANY, AND ADAM PRITCHARD AS AN INDIVIDUAL, AND DOES 1-20 INCLUSIVE,<br><br>                    Defendants. | Case No. 2:22-cv-00261-KJM-AC<br><br>**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER** |

Pursuant to Local Rule 143, Plaintiff Marjorie S. Devillena and Defendant American States Preferred Insurance Company ("American States") hereby stipulate and ask the Court to modify certain deadlines previously set by this Court in its Scheduling Order (ECF 23) for the good cause set forth below. In support of their request, the Parties state as follows:

WHEREAS, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Under

Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence" of the parties. *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. at 609. Prejudice in the absence of an extension can also be considered. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003)

WHEREAS, though the Parties have diligently pursued and cooperated in this case, the current deadlines cannot be reasonably met. The Parties have conducted depositions, exchanged written discovery, and produced documents. Despite this diligence, there are several circumstances that justify an extension of the current fact and expert discovery deadlines (June 2, 2023 and June 16, 2023, respectively), and a corresponding extension of the dispositive motion hearing deadline (currently September 15, 2023).

WHEREAS, the Parties have pending discovery disputes including American States' pending motion to compel Plaintiff's further production of documents (ECF 52) and Plaintiff's motions to compel American States' further production of documents and for leave to take a second 30(b)(6) deposition of American States (ECF 56).

WHEREAS, on May 24, 2023, the Parties participated in an informal discovery conference with the Honorable Magistrate Judge Allison Claire regarding several pending discovery disputes (ECF 55).

WHEREAS, Magistrate Judge Claire declined to make any rulings outside the process contemplated by Local Rule 251 (ECF 55), and so Plaintiff subsequently filed a notice of a motion to compel (ECF 56) under Local Rule 251.

WHEREAS, despite the Parties timely participating in discovery, current deadlines in this action for fact and expert discovery are set to expire before the pending discovery disputes can be resolved.

WHEREAS, the Parties will be participating in a mediation on June 7, 2023. This separately supports a finding of good cause. Mediation provides the potential for settlement of this action in its entirety, potentially obviating costs associated with experts. The "expenditure of

additional money, time, and resources" that may not be necessary constitutes prejudice and gives rise to good cause for an extension. *Sanchez v. Stryker Corp.*, 2012 WL 13006186, at *5 (C.D. Cal. Mar. 28, 2012).

WHEREAS, the Parties have not previously requested any modification of the Scheduling Order.

WHEREAS, the Parties respectfully submit that good cause exists for an extension of the non-expert discovery cutoff for the subjects of the pending discovery disputes only and issues arising therefrom, and for extensions of the expert deadlines and the dispositive motion hearing deadline.

THEREFORE, the Parties have stipulated to, and respectfully request the Court's approval of, a modification of the following deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery Cut-Off | 6/2/23 | 8/11/23 (for subjects of pending discovery disputes and issues arising therefrom) |
| Expert Disclosure (Initial) | 6/16/23 | 8/25/23 |
| Expert Disclosure (Rebuttal) | 7/7/23 | 9/15/23 |
| Expert Discovery Cut-Off | 7/28/23 | 10/6/23 |
| Last Day to Hear Dispositive Motions | 9/15/23 | 11/30/23 |

For the reasons stated herein, the Parties respectfully request the Court enter an order modifying the deadlines as set out above.

IT IS SO STIPULATED.

|   |   |   |
|---|---|---|
| 1 | Dated: May 26, 2023 | MAYNARD NEXSEN LLP |
| 2 | | |
| 3 | | By: */s/ Nicholas J. Boos*<br>      NICHOLAS J. BOOS |
| 4 | | |
| 5 | | Attorneys for Defendant<br>AMERICAN STATES PREFERRED<br>INSURANCE COMPANY |
| 6 | | |
| 7 | Dated: May 26, 2023 | MANZOOR LAW FIRM, INC. |
| 8 | | |
| 9 | | By: */s/ Shahid Manzoor*<br>      SHAHID MANZOOR<br>      SACHIN KALRA |
| 10 | | |
| 11 | | Attorneys for Plaintiff<br>MARJORIE S. DEVILLENA |

**ORDER**

Pursuant to Stipulation, and good cause appearing, IT IS ORDERED that the scheduling order in this case be modified as follows:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Non-Expert Discovery Cut-Off | 6/2/23 | 8/11/23 (for subjects of pending discovery disputes and issues arising therefrom) |
| Expert Disclosure (Initial) | 6/16/23 | 8/25/23 |
| Expert Disclosure (Rebuttal) | 7/7/23 | 9/15/23 |
| Expert Discovery Cut-Off | 7/28/23 | 10/6/23 |
| Last Day to Hear Dispositive Motions | 9/15/23 | 11/30/23 |

**IT IS SO ORDERED.**

DATED: May 31, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE